**101**

James R. Hopkins et al.
vs.                    No. 40441
Alphonse Commette

February 18, 1918

SWEENEY, J. Heard on defendant's motion for a new trial.

This is an action of the case in assumpsit, commenced by writ returnable to the District Court of the Sixth Judicial District. After a trial in that court and decision for the defendant, the plaintiffs brought the case to this

court on a claim of jury trial. After a trial in this court, the jury returned a verdict for the plaintiffs and assessed damages in the sum of $175. The defendant duly filed a motion for a new trial, claiming that the verdict is against the law and the evidence and the weight thereof and that the damages awarded are excessive.

The action is based upon a written contract, dated October 16, 1916, by which the defendant agreed to sell to the plaintiffs an automobile truck for $400; $125 to be paid in cash and the remaining $275 was to be paid in six payments according to the tenor of six promissory notes to become due during the six following months. The truck was delivered to the plaintiffs at the time of the execution of the written agreement and the contract expressly states that it is to remain the property of the defendant until the plaintiffs comply with the terms and conditions of the contract by paying for the truck; and in case of failure on the part of the plaintiffs to pay any of said notes as they become due, the plaintiffs agreed to return the truck to the defendant, and in case of their failure to so return the truck, the defendant was given the right to enter any premises where the truck was and take possession of the same for his own use and benefit, and in such event any payments theretofore made by the plaintiffs to the defendant were to be forfeited by the plaintiffs and were to be retained by the defendant as liquidated damages for the plaintiffs' failure to perform their part of the contract, and as compensation for the use of the truck and its equipment and for depreciation in value of the same.

The testimony proved that the plaintiffs received possession of the truck at the time of the execution of the written contract and the payment of the $125 cash and the giving of said notes; and that with the truck the plaintiffs commenced to carry on an overland express business from Providence to Woonsocket. The plaintiffs paid the first note of $50, due November 16, 1916. The express business did not prove to be profitable to the plaintiffs and about the first of December, 1916, James R. Hopkins, one of the plaintiffs, called up the defendant and told him that they had decided to lay the car up for the winter. The next note fell due on Saturday, December 16, 1916, but under the provisions of Sec. 91 of Chap. 200, which provides that in case of an instrument falling due on Saturday, it is to be presented for payment on the next succeeding busines day, payment of the note could not legally be demanded until December 18, 1916. Notice was given to the makers of the note by the Trust Company having the note for collection, that the note was due December 16, 1916. Before December 16, 1916, the plaintiffs and the defendent had some talk to the effect that the plaintiffs could not pay the note when due and on Sunday, December 17, 1916, the defendent went to the premises of James R. Hopkins and took the automobile. Hopkins testified that he did not consent to the taking of the automobile by the defendant at this time, and the defendant claims that Hopkins did consent to the taking of the automobile. Assuming that the defendant took the automobile without the consent of Hopkins and against his protest, then the defendant was a trespasser because he took the automobile before the note became legally due. This being so, under the evidence in this case, the plaintiffs cannot waive the trespass and sue in assumpsit because the defendant has not sold the truck and received the money therefor.

Wilder, Ex'r., vs. Aldrich Ex'r., 2 R. I 518.

Whipple vs. Stephens, 25 R. I. 563.

The Court resolved the grave doubt as to the right of the plaintiffs to

maintain this action in their favor, and the trial proceeded. It appeared from the testimony of the plaintiffs that they were unable to pay the note falling due December 18, 1916, and the subsequent notes. Under the contract the plaintiffs were not entitled to possession of the truck until they had made all the payments required by the contract. The plaintiffs had abandoned their overland express business from Providence to Woonsocket and had laid up the truck for an indefinite period. If the actions of the defendant in taking possession of the truck was tortious, he only deprived the plaintiffs of the possession of the truck, and according to their testimony it was laid up and they did not expect to earn any money with it for some time, and, consequently, tortious deprivation of its possession would entitle them to only nominal damages, and not the substantial damages awarded by the verdict. The plaintiffs had used the truck for several weeks in their express business and the evidence proves that it had depreciated in value on account of this user.

The Court has duly considered the evidence in this case and in its judgment the verdict is against the law and the fair preponderance of the evidence, and the damages awarded are excessive.

Defendant's motion for a new trial is therefore granted.

For plaintiff: J. J. Hahn and Ira Marcus.

For defendant: F. L. Owen.